UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) CASE NO. MJ24-603 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) DETENTION ORDER |
| QIHAI TAO, | ) |
| | ) |
| Defendant. | ) |
| | ) |

<u>Offenses charged</u>:

1. Conspiracy to Distribute Controlled Substances

2. Conspiracy to Commit Money Laundering

<u>Date of Detention Hearing</u>:   September 25, 2024.

The Court, having conducted a detention hearing pursuant to 18 U.S.C. §3142(f) and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

DETENTION ORDER
PAGE -1

## FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

1. Defendant has been charged with a drug offense, the maximum penalty of which is in excess of ten years. There is therefore a rebuttable presumption against defendant as to both dangerousness and flight risk, under 18 U.S.C. § 3142(e).

2. Defendant poses a risk of flight based his connections to China, where his parents and a sibling live, and where he visited twice in recent years. He has outstanding warrants and a failure to appear. He has no ties to this District or the District of Maryland, and no current employment. He poses a danger to the community based upon the nature of the alleged offense involving a multistate drug trafficking organization shipping large amounts of marijuana and drug related proceeds, and the allegation that he possessed an unregistered "ghost" gun and ammunition at his residence.

3. There does not appear to be any condition or combination of conditions that will reasonably assure the defendant's appearance at future Court hearings or the safety of the community.

It is therefore ORDERED:

1. Defendant shall be detained pending transfer to the District of Maryland, and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Defendant shall be afforded reasonable opportunity for private consultation with counsel;

3. On order of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the

defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

4. The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United State Probation Services Officer.

DATED this 25th Day of September, 2024.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge

DETENTION ORDER
PAGE -3